IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MV, *ex rel* ROXANA VOLYNETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-168 |
| | ) | |
| BRADLEY COUNTY, TENNESSEE, | ) | **JURY DEMAND (12)** |
| CITY OF CLEVELAND, TENNEESSEE, | ) | |
| and WILLIE ESPINOZA, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Bradley County, Tennessee (hereinafter referred to as "Defendant" unless otherwise specifically identified), by and through counsel, files with the Court its Answer to Plaintiff's First Amended Complaint as follows:

### FIRST DEFENSE

In response to the individual allegations of Plaintiff's Complaint, Defendant answers as follows:

**Jurisdiction and Venue**

1. In response to paragraph 1, Defendant denies any violation of Plaintiff's constitutional rights; however, Defendant does not object or contest jurisdiction in this court.

2. In response to paragraph 2, Defendant denies any violation of Plaintiff's constitutional rights; however, Defendant does not object or contest jurisdiction in this court.

3. In response to paragraph 3, Defendant denies that Plaintiff is entitled to any recovery in this matter and further shows that the cited legal authority speaks for itself.

4. In response to paragraph 4, Defendant admits that venue is proper in this Court.

## Parties

5. In response to paragraph 5, Defendant admits that Plaintiff was a minor at the time of his arrest. Defendant lacks information or knowledge as to the remaining allegations of paragraph 5.

6. Paragraph 6 makes claims against another party to this matter and no response is required of Defendant. In further response, however, Defendant admits on information that Defendant Espinoza is a police officer with the Cleveland Police Department.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are directed to another party and no response is required of Defendant.

9. Paragraph 9 fails to state the times referred to and fails to state the specific actions taken and/or by whom. Paragraph 9 further appears to state a legal conclusion without factual averment and therefore no response appears required.

## Factual Allegations

10. In response to paragraph 10, it is admitted that Plaintiff MV was a minor child at the time of his arrest and was a student at Bradley County High School.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are directed to another defendant and no response is required of this defendant.

13. Defendant lacks information or knowledge as to the allegations in paragraph 13.

14. In response to paragraph 14, it is admitted on information belief that minor child AM reported she received threatening messages.

15. In response to paragraph 15, it is admitted that the report of threatening messages as referred to in paragraph 14 were conveyed to Defendant Espinoza.

2

16. In response to paragraph 16, the referenced code section speaks for itself.

17. In response to paragraph 17, the same states a legal conclusion to which no response is required.

18. In response to paragraph 18, Defendant admits that Defendant Espinoza investigated the threatening messages referred to in Plaintiff's First Amended Complaint.

19. Based on information and knowledge, the allegations of paragraph 19 are denied.

20. In response to paragraph 20, the attached Exhibit speaks for itself. In further response, paragraph 20 makes allegations direct to another party and no response regarding the same is required of this defendant.

21. In response to paragraph 21, the referenced petition speaks for itself.

22. Defendant lacks information or knowledge as to the allegations of the first sentence of paragraph 22. The allegations of the second sentence of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied as alleged. In further response, it is admitted that Defendant Espinoza prepared and signed an affidavit of complaint against Plaintiff for harassment.

24. Defendant lacks information as to the allegations of paragraph 24.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. Defendant lacks information as to the allegations of paragraph 28.

29. In response to paragraph 29, it is admitted that Plaintiff was arrested on March 27, 2023.

30. In response to paragraph 30, Defendant admits that at some point in time following his arrest, Plaintiff MV was transported to the Bradley County Juvenile Detention Center.

3

Case 1:24-cv-00168-CLC-MJD   Document 12   Filed 07/05/24   Page 3 of 12   PageID #: 95

31. In response to paragraph 31, Defendant shows that the referenced legal authority would speak for itself.

32. The allegations in paragraph 32 are admitted.

33. The allegations in paragraph 33 are admitted.

34. In response to the allegations in paragraph 34, it is admitted that there are proper policies and procedures in effect regarding the operation of the Bradley County Juvenile Detention Center.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. In response to paragraph 40, the referenced legal authority speaks for itself.

41. In response to paragraph 41, the charging documents and legal authority speaks for itself.

42. In response to paragraph 42, the charging documents would speak for themselves.

43. Defendant lacks information or knowledge as to the allegations of paragraph 43.

44. The allegations of paragraph 44 are denied.

45. In response to paragraph 45, the charging document would speak for itself.

46. Defendant lacks information or knowledge as to the allegations of paragraph 46.

47. In response to paragraph 47, the charging documents would speak for themselves.

48. The allegations of paragraph 48 are denied.

49. In response to paragraph 49, it is admitted that after conducting a probable cause hearing, the juvenile court official executed Doc. 10-1.

50. The allegations of paragraph 50 are admitted.

51. The allegations of paragraph 51 are admitted.

52. The allegations of paragraph 52 are admitted.

53. The allegations of paragraph 53 are denied as understood.

54. The allegations of paragraph 54 are denied.

55. Defendant lacks information or knowledge as to the allegations of paragraph 55.

56. Defendant lacks information or knowledge as to the allegations of paragraph 56.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are admitted.

60. The allegations of paragraph 60 are admitted.

61. In response to paragraph 61, the cited legal authority would speak for itself.

62. The allegations of paragraph 62 are denied.

63. In response to paragraph 63, the same states a legal conclusion to which no response is required. In further response, the cited legal authority would speak for itself.

64. In response to paragraph 64, the Order would speak for itself.

65. In response to paragraph 65, the juvenile court Order would speak for itself.

66. The allegations of paragraph 66 are denied.

67. In response to paragraph 67 it is admitted on information belief that Plaintiff MV was released on March 30, 2023.

68. In response to paragraph 68, it is denied that Plaintiff exhibited signs of serious mental and emotional distress while at the Bradley County Juvenile Detention Center.

69. The allegations of paragraph 69 are admitted on information.

70. Defendant lacks information or knowledge as to the allegations of paragraph 70, but denies being liable or responsible for the same.

71. Defendant lacks information or knowledge as to the allegations of paragraph 71 as it relates to the citation to the same. In further response, Defendant denies being liable or responsible to Plaintiff MV in any manner whatsoever.

72. Defendant lacks information or knowledge as to the allegations of paragraph 72 as it relates to the citation to the same. In further response, Defendant denies being liable or responsible to Plaintiff MV in any matter whatsoever.

73. In response to paragraph 73, Defendant lacks information or knowledge as to the damages the Plaintiff claims in this matter, but denies being liable or responsible for the same.

## MUNICIPAL LIABILITY ALLEGATIONS

74. The allegations of paragraph 74 are directed to another party and no response is required of this Defendant.

75. In response to paragraph 75, it is admitted that there are proper policies and procedures in place for the Bradley County Juvenile Detention Center.

76. The allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. In response to paragraph 78, the written policies referenced would speak for themselves.

79. The allegations of paragraph 79 are denied.

**COUNT 1: UNLAWFUL PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983**
**(Defendant Willie Espinoza)**

80. Defendant incorporates by reference its answers to paragraphs 1-79 above.

6

81. The allegations of paragraph 81 are directed against another party and no response is required of this Defendant. To the extent there are any claims or allegations of wrongdoing in the same against this Defendant, the same are denied.

82. The allegations of paragraph 82 are directed against another party and no response is required of this Defendant. To the extent there are any claims or allegations of wrongdoing in the same against this Defendant, the same are denied.

83. The allegations of paragraph 83 are directed against another party and no response is required of this Defendant. To the extent there are any claims or allegations of wrongdoing in the same against this Defendant, the same are denied.

84. The allegations of paragraph 84 are denied as alleged.

85. The allegations of paragraph 85 are alleged against another party and no response is required of this Defendant.

86. The allegations of paragraph 86 are denied.

87. The allegations of paragraph 87 are directed against another party and no response is required of this Defendant. To the extent there is any allegation of wrongdoing in paragraph 87 against this Defendant, the same are denied.

**COUNT 2: FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983**
**(Defendants Willie Espinoza and the City of Cleveland)**

88. Defendant incorporates by reference its answers to paragraphs 1-79.

89. The allegations of paragraph 89 are directed against another party and no response is required of this Defendant. To the extent there is any claim or allegation of wrongdoing against this Defendant, the same are denied.

7

90. The allegations of paragraph 90 are directed against another party and no response is required of this Defendant. To the extent there is any claim or allegation of wrongdoing against this Defendant, the same are denied.

91. The allegations of paragraph 91 are directed against another party and no response is required of this Defendant. To the extent there is any claim or allegation of wrongdoing against this Defendant, the same are denied.

92. The allegations of paragraph 92 are directed against another party and no response is required of this Defendant. To the extent there is any claim or allegation of wrongdoing against this Defendant, the same are denied.

## COUNT 3: ILLEGAL PRETRIAL INCARCERATION IN VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS
## 42 U.S.C. § 1983

93. Defendant incorporates by reference its answers to paragraphs 1-79.

94. In response to paragraph 94, the same states a legal conclusion to which no response is required.

95. The allegations of paragraph 95 are admitted.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

100. The allegations of paragraph 100 are denied.

## COUNT 4: ILLEGAL PRETRIAL INCARCERATION IN VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS
### (Defendant Bradley County)

101. Defendant incorporates by reference its answers to paragraphs 1-79 above.

102. Paragraph 102 states a legal conclusion to which no response is required.

103. Paragraph 103 states a legal conclusion to which no response is required.

104. The allegations of paragraph 104 are denied.

105. The allegations of paragraph 105 are denied.

106. The allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. The allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

## DAMAGES

110. Defendant lacks information or knowledge as to the damages claimed by Plaintiff in this matter, but in any event denies being liable or responsible for the same and denies Plaintiff is entitled to any recovery in this matter.

111. Any other allegation in Plaintiff's First Amended Complaint not admitted, denied, or explained above be and the same is hereby specifically denied.

## SECOND DEFENSE

To the extent that Plaintiff has relied upon vicarious liability for any causes of action based upon 42 U.S.C. § 1983 or other civil rights claims, vicarious liability, including *respondeat superior* is not applicable to said civil rights causes of action, and any causes of action based upon any form of vicarious liability should be dismissed.

## THIRD DEFENSE

All or portions of the claims are barred by other forms and versions of immunity including good faith immunity, common-law immunity, and sovereign immunity.

## FOURTH DEFENSE

Plaintiff is not entitled to any recovery from Defendant for alleged constitutional violations. Defendant has no policy or custom that caused or resulted in the deprivation of Plaintiff's

constitutional rights. Further, Plaintiff failed to identify a policy, custom or standard as required by existing law. There is no policy, custom ,or otherwise in Bradley County, Tennessee that proximately caused or led to the events more fully described in Plaintiff's First Amended Complaint or caused or led to the alleged injuries and/or damaged claimed in this matter. There are proper policies in effect in Bradley County, Tennessee relating to training and operation of the Juvenile Detention Center. Plaintiff is therefore not entitled to the relief prayed for in his First Amended Complaint.

## FIFTH DEFENSE

Defendant denies that its actions, inactions, policies, practices, customs, or in any other way were the cause of any damage or injury that Plaintiff claims in this litigation.

## SIXTH DEFENSE

Plaintiff's First Amended Complaint fails to state a claim or cause of action upon which relief can be granted as it relates to Defendant to the extent that Plaintiff's Complaint fails to identify a specific policy, pattern, or custom that approximately caused the alleged Constitutional deprivation identified in Plaintiff's Complaint.

## SEVENTH DEFENSE

The alleged conduct on the part of Defendant did not constitute deliberate indifference. Defendant at no time acted with deliberate indifference as it relates to Plaintiff. Defendant therefore is not liable or responsible for any damages claimed in this matter.

**WHEREFORE,** Defendant prays that Plaintiff's First Amended Complaint be dismissed. Defendant further demands a trial by a jury of twelve (12).

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr., BPR #019105
Attorney for Defendant Bradley County
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2024, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Aaron Wells
Robinson, Smith & Wells, PLLC
633 Chestnut Street
Suite 700
Chattanooga TN 37450

Wesley Ben Clark
Frank Ross Brazil
Sarah Mansfield
Brazil Clark, PLLC
2901 Dobbs Avenue
Nashville, TN 37211

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr.